THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00165-WYD-CBS

JANE DOE,

Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, A COLORADO NONPROFIT CORPORATION D/B/A CENTURA HEALTH-PENROSE HOSPITAL,

Defendant.

## MOTION TO DISMISS

Defendant Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose Hospital ("CHIC"), pursuant to the provisions of Fed.R.Civ.Proc. 12(b)(1), respectfully requests that this Court enter an order dismissing Plaintiff's Complaint without prejudice. As grounds for this motion, it is stated as follows:

1. On **October 25, 2011**, the EEOC issued a Dismissal and Notice of Rights, submitted herewith as Exhibit A, including the following determination: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statute." The Plaintiff was informed that any lawsuit must be filed within 90 days.

2. Plaintiff then filed with the EEOC an Amended Charge of Discrimination dated **November 16, 2011**, submitted herewith as Exhibit B.

3. Then on **November 30, 2011**, the EEOC issued a Notice of Intent to Reconsider, submitted herewith as Exhibit C, stating that the October 25, 2011 letter was revoked and that the "Charging Party's right to sue is hereby vacated." The Notice also stated that the EEOC intended to issue a determination regarding the charge in the future.

4. Despite the fact that her right to sue had been revoked, and that administrative remedies had not been exhausted regarding the Plaintiff's original and amended charges, Plaintiff filed this lawsuit on **January 20, 2012** (*see,* Doc. 1).

5. Because the Court did not have jurisdiction on that date, the Complaint should be dismissed without prejudice.

6. When the undersigned spoke to opposing counsel about lack of jurisdiction, opposing counsel stated that she would ask for another right to sue letter from the EEOC.

7. On **February 3, 2012**, Plaintiff filed an Amended Complaint (Doc. 13, ¶ 13) stating that the EEOC had issued a second Notice of Right to Sue on **February 3, 2012**.

8. However, the Plaintiff should have dismissed her original complaint because the Court did not have jurisdiction at that time. *See, e.g., Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (jurisdiction attaches at the moment of filing of the Complaint and is not impacted by subsequent developments).

9. As long as the EEOC was still processing her charge, plaintiff had failed to exhaust her administrative remedies, and the Court lacked subject matter jurisdiction. *See, e.g., Holmes v. Utah, Dep't of Workforce Serv.*, 483 F.3d 1057, 1062-63 (10th Cir. 2007); *Shikles v. Spring/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (holding that the district court was required to dismiss plaintiff's claim where he failed to exhaust his administrative remedies);

*Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1202 (10th Cir. 1998) (holding that finality of agency decision is a prerequisite to subject matter jurisdiction).

10. A premature complaint cannot be cured through amendment. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (plaintiff must file a new suit, because allowing plaintiffs generally to bring suit before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system), citing *Sparrow v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993); *Meuli v. U.S.*, 2011 WL 4381082 (D.Kan. 8-17-2011) (case dismissed without prejudice for lack of subject matter jurisdiction because plaintiff not permitted to cure a jurisdictional defect by exhausting administrative remedies after filing complaint).

WHEREFORE, Defendant respectfully requests this Court to dismiss this case without prejudice so that Plaintiff can file a new action now that the EEOC has issued a new right to sue letter.

Respectfully submitted this 22nd day of February, 2012.

                KUTAK ROCK LLP

                By: *s/ Mark L. Sabey*
                    Mark L. Sabey
                    1801 California St., Suite 3100
                    Denver, CO  80202
                    Telephone:  (303) 297-2400
                    mark.sabey@kutakrock.com

                *ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of February, 2012. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

    Donna Dell'Olio
    Cornish and Dell'Olio
    431 North Cascade Ave., Suite 1
    Colorado Springs, CO  80903
    ddellolio@cornishanddellolio.com

                                                      *s/ Peggy Forest*
                                                      Peggy Forest